Argued and submitted October 15, 1982, reversed,
referee's order reinstated January 12, 1983

In the Matter of the Compensation of
John Johnson, Claimant.

JOHNSON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-03695, CA A24512)

656 P2d 380

David C. Force, Eugene, argued the cause for petitioner. On the brief were Peter W. McSwain, and Malagon & Velure, Eugene.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

VAN  HOOMISSEN, J.

Thornton, S. J., dissenting.

## VAN HOOMISSEN, J.

Claimant appeals from an order of the Workers' Compensation Board that reversed the referee's finding that claimant's back condition had been aggravated by a later industrial accident to his ankle. The issue is compensability.

Claimant had suffered a series of back injuries which had resulted in several surgeries. His problems date back to 1961, when he was treated for a coccyx problem and a tailbone contusion. In 1964, he injured his back again, and a laminectomy was performed. He was off work for about a year and received an award of 35 percent loss of function of an arm. In 1968, he had a fusion of the sacrum at L-4. He returned to work as a yarder operator and received an award of an additional 35 percent unscheduled disability. Thereafter, he was injured in Alaska, when he fell on his back and left shoulder. A claim settlement was approved in Alaska for $8,957. He was then in an automobile accident. In 1972, he had a decompression laminectomy at L-3 with a spinal fusion. In 1975, he was injured in California, when he slipped crossing the deck of a yarder and he was off work until April, 1977. That claim was settled, and he again returned to work as a yarder operator.

The present injury to his left ankle occurred in August, 1977.[1] In October, he had pain in his back and left knee. After conservative treatment failed, he underwent lumbar myelography in February, 1980. In March, he underwent surgical decompression for spinal canal stenosis. SAIF denied responsibility for his current medical expenses.

Dr. Wilson, claimant's treating orthopaedist, said that his back condition was traceable to his left ankle injury. He later retreated from this opinion, however, and expressed a more general opinion that all the major and minor traumas and surgeries claimant has been subjected to had a bearing on his present back problem. Orthopaedic Consultants examined claimant and said his back condition

---

[1] The Board awarded claimant 15 percent scheduled disability for the loss of use of his left foot. That award is not in issue here.

was aggravated by his having to walk with a cast on his leg:

"There is no question but that this man had a significant amount of back disability antedating the August 2, 1977, injury. Nevertheless, we feel he did experience significant residuals with regard to his back as a result of the August 2, 1977, injury."

Later they said that "there is probably more likely an inexact [causal] relationship * * * between the ankle trauma and back injury * * *." Dr. Tennyson examined the exhibits and said:

"The fact that this patient was able to return to work as a yarder operator following his injury of August, 1977, for nearly a year without progressive radicular symptomatology would make me doubt that the injury of August 2, 1977 was a material contributing factor to the development of his apparent spinal stenosis."

Claimant contends that his back condition has been aggravated as a result of his compensable ankle injury. The referee said:

"* * * I feel claimant suffered a compensable injury to his back resulting from the ankle injury of August 1, 1977, and was awarded disability on October 19, 1978. Subsequent to that order, claimant's back worsened and claimant became temporarily and totally disabled. On January 11, 1980, he was hospitalized by his treating physician and while there are multiple causes for his hospitalization and subsequent surgery, there seems to be little question in Dr. Wilson's opinion that claimant's back problems are related to his ankle injury in 1977, and that it was a material contributing factor to his hospitalization. Therefore, the claim should be reopened and temporary total disability paid from January 11, 1980 until closure pursuant to ORS 656.268. * * *"

The Board reversed, finding that claimant had failed to show that his current medical expenses were related to his 1977 ankle injury.

In April, 1978, Dr. Wilson, told SAIF that claimant's contention that his ankle injury had aggravated his back problem "appears to be possible from a gait standpoint, putting more strain on an already symptomatic low back." He observed that "this is a very complex disability

situation with multiple injuries over a good many years." In June, 1978, Orthopaedic Consultants said:

> "We do feel that there is a causal relationship between his ankle injury and an aggravation of his back difficulty. This would be because of a direct injury to his back, as well as additional stresses placed on his back by having to walk with a cast."

Dr. Wilson concurred with Orthopaedic Consultants' report.

SAIF asked Orthopaedic Consultants to clarify its conclusion that there was a causal relationship between claimant's ankle injury and his back problem. Orthopaedic Consultants said:

> "We understand there is some question about whether or not he actually injured his back per se at the time of the ankle injury. We cannot answer that question, but do feel that * * * his back condition was aggravated by having to walk with a cast on his leg, which would put additional strains on his back."

Additionally, it said that "we feel he did experience significant residuals with regard to his back as a result of the [ankle] injury." It also said that claimant's disability before his 1977 ankle injury was "moderate" but that his disability at the time of its 1978 examination was "at the lower limits of moderately severe."

Dr. Wilson stated in January, 1980, that claimant's back problem "appears connected" to his past injuries. This would obviously include his 1977 ankle injury. The Board relied heavily on Dr. Tennyson, who found no causal relationship between the 1977 ankle injury and the current back problem. However, Dr. Tennyson did not examine claimant; he relied on medical records.

The employer takes the worker as he finds him. On *de novo* review, we conclude that claimant has sustained his burden of proof by a preponderance of the evidence.

Reversed; referee's order reinstated.

**THORNTON, S. J.,** dissenting.

From my reading of this record, I cannot agree with the majority that claimant has carried his burden of

showing medical causation between his ankle injury and his most recent back surgery.

This is a case where a workman has suffered a whole series of back injuries, which have resulted in repeated surgeries. The medical evidence of a causal connection between the ankle and the back is insufficient in my view to support the majority's decision. I am unable to see how a broken ankle can cause all the back complications and necessitate all the surgery which was claimed here, namely: decompression laminectomy at the L2-3 level; spinal canal stenosis secondary to degenerative disc disease; ridge and degenerative changes at L2-3. Also I note that claimant was able to return to work as a yarder operator following his injury of August, 1977, for nearly a year without "progressive radicular symptomatology." Further, after the ankle injury it appears that claimant fell in his shower, which resulted in fracturing two ribs and occurred only two months before his examination by Orthopaedic Consultants. Later claimant was sawing firewood in April of 1978 when his back "went out." I agree with the Workers' Compensation Board's conclusion that claimant's back condition is not the result of his August 2, 1977, ankle injury but is, rather, the cumulative effect of his successive back injuries. Superimposed on these injuries and the numerous corrective surgeries therefor is a degenerative disease process involving bony overgrowth from his prior fusion. The references in the medical reports of Dr. Wilson and Orthopaedic Consultants to the effect of the 1977 ankle injury on his back condition are inexact and more in the nature of a recognition of the temporary increase of pain from the back condition, including that caused by the change in gait and use of crutches and other factors, rather than a finding that the 1977 ankle injury was a material contributing factor to claimant's post-1977 back disability.

For the above reasons, I respectfully dissent.